# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**DENNIS DEAN COOPER,**

    **Plaintiff,**

**vs.**                                                                                   **CASE NO. 4:05CV216-MMP/AK**

**STATE OF FLORIDA, et al,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and having paid the full filing fee, brings this cause pursuant to 42 U.S.C. §1983 complaining that a psychological evaluation was not admitted into evidence at his criminal trial, which he contends would have supported a defense of diminished responsibility. (Doc. 1). Plaintiff contends that because "an essential element of the offense was premeditation or intent," the case against him would be "irrelevant," presumably if this defense had been available to him. (Doc. 1, p. 5A). Plaintiff contends that the State is allowed to use this evidence, but he could not present it at his trial. Plaintiff insists that he is not challenging the validity of his conviction and seeks damages and a declaratory judgment that this discriminatory

practice (allowing the state to use evidence that he is prohibited from presenting) violates the Equal Protection Clause.

This type of lawsuit is prohibited by the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), which held that a claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983.  Since Plaintiff clearly states he is not seeking habeas relief, which would be the only viable course of action for this type of claim, it is recommended that the complaint be dismissed.

**IN CHAMBERS** at Gainesville, Florida, this  **19th** day of September, 2005.


s/ A. KORNBLUM
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:05cv216-mmp/ak**