IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DENNIS DEAN COOPER,**

    **Plaintiff,**

vs.                                                CASE NO. 4:05CV216-MP/AK

**STATE OF FLORIDA,**

    **Defendants.**

    _____/

**O R D E R**

    Presently before the Court in the above entitled action is Plaintiff's Request for Intercession by the United States District Judge. (Doc. 45). This request is herein construed as a motion for recusal, which will be determined by the undersigned magistrate judge. Because Plaintiff does not seek appeal of a particular order entered by the undersigned, his request is not being considered as an appeal to the district judge pursuant to Rule 72, Federal Rules of Civil Procedure.

    The undersigned has been assigned several cases presently challenging the State of Florida's rule of evidence regarding diminished capacity: <u>Cooper v. State of Florida</u>, the above noted case; <u>Donnie Springs v. State of Florida</u>, Case No. 4:05cv382; <u>Jerome Lightner v. State of Florida</u>, Case No. 4:06CV112; <u>William Edwards v. State of Florida</u>, Case No. 1:06cv212; and <u>William Caren v. State of Florida</u>, Case No. 4:07cv320. Plaintiff takes issue with the rulings of the undersigned alleging bias and "ineptness" because the undersigned recommended dismissal in the present case and

the Eleventh Circuit disagreed. Such differences happen, and when the case was remanded the undersigned directed service of the complaint, which has been effected, and the case has moved forward. The undersigned has no particular bias as to the issues presented by this lawsuit or the parties involved, and his initial recommendations were based on an interpretation of the law, with which the Court of Appeals disagreed, and based on that court's decision this case will move forward as directed.

Plaintiff also asserts as a basis for the request for recusal the undersigned's recommendation of dismissal in <u>Springs</u>, presently under consideration by the district judge, and a form order in <u>Caren</u> assessing an initial filing fee that incorrectly referred to the Alachua County Jail as the place of incarceration. Plaintiff has no standing to complain of actions taken by the undersigned in another plaintiff's case, although he asserts these "errors" as evidence of bias against him and the claims raised in his lawsuit. All of the above cited cases are at different stages of litigation and are being dealt with accordingly. The cases are all being moved forward to disposition and have not been unduly delayed or otherwise thwarted by the undersigned because of some alleged bias or lack of understanding of the law. Service has been directed in most of the cases and several motions for summary judgment are pending as in the present case.

The law applicable to judicial disqualification states in pertinent part:

"(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

"(b) He shall also disqualify himself in the following circumstances:

**No. 4:05cv216-mp/ak**

> "(1)  Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; ...."  28 U.S.C. §455(a)-(b)(1).

The standard for recusal based upon an allegation of impartiality is whether a reasonable man knowing all the circumstances would have doubts about the impartiality of a judge.  In re BellSouth Corp., 334 F.3d 941, 970 (11th Cir. 2003).  Adverse rulings by a judge do not qualify as grounds for recusal since a litigant is not entitled to the judge of his choice.  *Id.*, at 973-74.

The present status of this case is that the Defendants have moved for summary judgment on a number of legal issues.  (Docs. 36 and 38).  Plaintiff was directed to respond to that motion (doc. 37), and given additional time to complete discovery (doc. 44), but no response has been filed.  Out of an abundance of caution, the undersigned will grant Plaintiff additional time through October 30, 2007, to file a response to the motion for summary judgment.  Plaintiff is mistaken that he will be afforded a hearing on this motion, no hearing has been set, and it is important that Plaintiff file a written response by this date or the motion of the defendants will be considered without any evidentiary material or argument by Plaintiff.

**No. 4:05cv216-mp/ak**

Accordingly, it is

**ORDERED:**

1. Plaintiff's Request for Intercession, construed as a motion for recusal (doc. 45) is hereby **DENIED**.

2. Plaintiff shall respond to the pending motion for summary judgment on or before **October 30, 2007.**

**DONE AND ORDERED** this  **3rd**  day of October, 2007.

                *s/ A. KORNBLUM*
                **ALLAN KORNBLUM**
                **UNITED STATES MAGISTRATE JUDGE**

**No. 4:05cv216-mp/ak**