**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DENNIS DEAN COOPER,**

    **Plaintiff,**

**vs.**                                    **CASE NO. 4:05CV216-MP/AK**

**STATE OF FLORIDA, et al.,**

    **Defendants.**

_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging that he was not

allowed to present expert testimony at his criminal trial as to his diminished capacity to

form the intent necessary for premeditation, an element of the offense with which he

was charged and ultimately convicted.  (Doc. 1).  Plaintiff claims that the State of

Florida allows the use of this defense in relation to other types of crimes.

Plaintiff contends that he is not challenging the validity of his conviction, rather

he seeks damages (compensatory and punitive) and a declaratory judgment that the

discriminatory application of the Doctrine of Diminished Responsibility violates the

Constitution.

### 1.    Procedural History

It was initially recommended that the compliant be dismissed pursuant to Heck

v. Humphrey, 512 U.S. 477 (1994), because Plaintiff sought damages for constitutional

violations related to a conviction or sentence that had not been invalidated. (Doc. 5).

Plaintiff appealed and the Court of Appeals for the Eleventh Circuit remanded the case

to the district court finding that even if Plaintiff were successful on his claim it would not

necessarily invalidate his conviction to have the evidence on diminished responsibility

admitted. (Doc. 22). The complaint was served on the defendants (doc. 27), who filed

a Special Report, which has been construed as a motion for summary judgment. (Doc.

38). Plaintiff has responded. (Doc. 48).

## II.    Standard of Review

A district court should grant summary judgment when, "after an adequate time

for discovery, a party fails to make a showing sufficient to establish the existence of an

essential element of that party's case." Nolen v. Boca Raton Community Hospital, Inc.,

373 F.3d 1151, 1154 (11th Cr. 2004), citing Celotex Corporation v. Catrett, 477 U.S.

317, 322 (1986). All issues of material fact should be resolved in favor of the Plaintiff or

non-moving party before the Court determines the legal question of whether the

defendant is entitled to judgment as a matter of law under that version of the facts.

Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d

1295, 1299 (11th Cir. 2002). The Plaintiff has the burden to come forward with

evidentiary material demonstrating a genuine issue of fact for trial. Celotex, 477 U.S. at

322-23. Plaintiff must show more than the existence of a "metaphysical doubt"

regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio

Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a

"scintilla" of evidence is insufficient. There must be such evidence that a jury could

**No. 4:05cv216-MP/AK**

reasonably return a verdict for the party bearing the burden of proof.  Anderson v. Liberty Lobby, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). "For factual issues to be considered genuine, they must have a real basis in the record." Mize v. Jefferson City Board of Education, 93 F.3d 739, 742 (11ᵗʰ Cir. 1996).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), cert. denied 522 U.S. 1126 (1998), quoting Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)). The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c).  Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment with affidavits, Celotex, supra at 323, the facts stated in uncontradicted affidavits or other evidentiary materials must be accepted as true for purposes of summary judgment.  Gauck v. Meleski, 346 F.2d 433, 436 (5th Cir. 1965).

**III.    Defendants' Rule 56(e) evidence (doc. 38)**

     a)    Inmate Population Detail (exhibit A)

Plaintiff was convicted in 1981.

     b)    Petition for Writ of Habeas Corpus

**No. 4:05cv216-MP/AK**

Filed in April of 2005 in the Court of Appeals for the Third District of Florida, the

petition specifically raised the following argument:

> The practice of allowing admissibility of evidence of diminished capacity to
> support the state in prosecution under F.S. Chapter 794 while denying the
> identical evidence to Defendants charged with specific intent crimes is
> discriminatory and a violation of those defendants' guaranteed due
> process rights.

c)      Decision on habeas petition dated May 9, 2005

The petition was denied on the merits by the District Court of Appeal of Florida

Third District without an opinion.

## IV.    Plaintiff's Response (doc. 48)

Plaintiff argues that the procedural bars now asserted by the Defendants should

have been raised and thus resolved prior to the Eleventh Circuit's consideration of

Plaintiff's claims on appeal. (Doc. 48). However, this case was appealed prior to

service of the complaint upon the Defendants, and consequently, the only issue before

the Court of Appeals was the issue upon which the Report and Recommendation was

based, i.e. whether Heck barred this lawsuit. Contrary to Plaintiff's assertion that the

undersigned ignored the Eleventh Circuit mandate, his complaint was served on the

defendants within a week of it being referred back to the undersigned, and Defendants'

response was to file a special report. (Doc. 36). Since evidentiary materials were

attached to the special report, it is this Court's practice to construe the report as a

motion for summary judgment, so as to advise Plaintiff that he should come forward

with evidentiary material as well and to allow discovery time so that Plaintiff may obtain

that evidentiary material if he deems it necessary. There is nothing sinister in this

**No. 4:05cv216-MP/AK**

process, it is typical with all similar cases and is designed to create some fairness and order in the evidentiary development of prisoner cases.

Further, as was explained in the Court's order construing Plaintiff's Motion for Intercession (doc. 45), the motion would have been forwarded to the district judge as an appeal if Plaintiff had indicated his dissatisfaction with a particular ruling, but his overall displeasure with the rulings of the undersigned was deemed to be a request for recusal by the undersigned, which was denied. (Doc. 47). As the law cited in that Order explained, adverse rulings against a party are not grounds for recusal. Of course, Plaintiff could have appealed this decision (doc. 47), which would have been reviewed by the district judge, but he did not.

As to the substance of Plaintiff's arguments against the legal positions of the Defendants, the undersigned has read carefully the cases cited by Plaintiff and makes the following analysis.

a)    Eleventh Amendment immunity

Plaintiff does not identify in which capacity he sues Defendant, but the nature of his claims against the State and Charlie Crist (now replaced as Florida Attorney General by Bill McCollum) are not personal in nature, i.e. he does not claim that Charlie Crist personally took any action against him, rather he his suing the attorney general as an "office" for policies made as attorney general related to the use of evidence in criminal trials. As such, Plaintiff's suit is clearly against a state official in his official capacity and is "no different from a suit against the State itself." Will v. Michigan Depart. of State Police, 491 U.S. 58, 71 (1989). Thus, the Eleventh Amendment bars

**No. 4:05cv216-MP/AK**

suits against state employees for monetary relief in their official capacity. Kentucky v. Graham, 473 U. S. 159, 169, 105 S.Ct. 3099, 87 L.Ed2d 114 (1985); Hobbs v. E.E. Roberts, 999 F.2d 1526, 1529-30 (11th Cir. 1993). Both parties apparently agree that a limited exception to the Eleventh Amendment immunity of sate officials sued in their official capacities has been recognized where prospective relief is sought against a state officer. ( See Doc. 38, p. 5 and Doc. 48, p. 3). Defendants argue that Plaintiff is concerned with past illegality and therefore the relief sought is not actually prospective, but the Court agrees with Plaintiff that he is seeking injuctive relief (and a declaratory judgment) that the State may not continue to apply the Doctrine of Diminished Responsibility in the discriminatory fashion he alleges. There is no evidence before the Court that the evidentiary rule upon which Plaintiff bases his case has changed. Thus, the Court finds that the Eleventh Amendment bars Plaintiffs' suit for damages, but does not preclude the injunctive or declaratory relief he seeks. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 102-103 (1984) (a state officer who has allegedly violated the constitutional rights of a plaintiff may be sued in his official capacity for injunctive or declaratory relief governing his future conduct, but is immune, in his official capacity, to suit for retroactive monetary relief (damages) arising out of the same conduct.).

    b)   Diminished capacity

    Plaintiff was convicted of burglary and sexual battery for an incident which occurred on May 6, 1981. (Doc. 38, Exhibit A). According to the Petition for Writ of Habeas Corpus, prepared by appellate counsel for the Plaintiff, Plaintiff underwent a

psychological evaluation to determine his competency to stand trial. Plaintiff had asserted that he did not remember the incident and he was under the influence of alcohol.[1] When the evaluation found him competent to stand trial, the trial court held that the evidence of his mental illness was not admissible. This had been the law in Florida for decades. See Ezzell v. State, 88 So.2d 280 (Fla. 1956); Everett v. State, 97 So.2d 241 (Fla. 1957), cert. denied 355 U.S. 941 (1958); Tremain v. State, 336 So.2d 705 Fla. 4th DCA 1976). See also Chestnut v. State of Florida, 538 So.2nd 820 (Fla. 1989) (supreme court specifically rejects doctrine of diminished capacity for abnormal mental condition not constituting legal insanity in burglary and battery cases). The supreme court distinguished evidence of incapacitating circumstances such as intoxication, medication, epilepsy, infancy or senility, which lay persons commonly understood, and psychiatric abnormalities which only experts would be expected to understand. Id. at 823. See also Bunney v. State, 603 So.2d 1270 (Fla. 1992) (explaining in more detail the distinction in the holding in Chestnut). The Florida courts continue to hold that evidence relating to a general mental impairment as proof of diminished capacity is **not** admissible. Bunney, at 1273, n.1; Evans v. State, 946 So.2d 1, 11 (Fla. 2006). The United States Supreme Court has recently upheld this rule of law as not in violation of Due Process. Clark v. Arizona, 548 U.S. 735 (2006). Plaintiff does not specify what his mental illness was, but he clearly does not allege any of the "commonly understood" conditions described by the courts in the cases cited *supra*. In

---

[1] Plaintiff does not base his argument of diminished capacity on the basis of intoxication, he asserts in his complaint that he is a mentally ill person. (Doc. 1, p. 5).

his complaint, he alleges that he offered evidence of "an esoteric psychological nature,"

which is the precise type of psychiatric condition rejected by the Florida state courts.

This analysis leads to the issue of federal court review of state court evidentiary

rulings. The general rule is that a federal court does not sit as a "super" state Supreme

Court by reviewing the evidentiary determinations of a state court.[2] Knight v. Dugger,

863 F.2d 705, 726 (11th Cir. 1988); Shaw v. Boney, 695 F.2d 528, 530 (11th Cir.1983).

Only where a trial court's evidentiary ruling renders a state criminal proceeding

fundamentally unfair is a petitioner is entitled to relief. Shaw v. Boney, 695 F.2d at 530;

Dickson v. Wainwright, 683 F.2d 348, 350 (11th Cir.1982); DeBenedictis v. Wainwright,

674 F.2d 841, 843 (11th Cir.1982); Hills v. Henderson, 529 F.2d at 401. Fundamental

fairness is violated when the evidence excluded is material in the sense of a crucial,

critical, highly significant factor. Shaw v. Boney, 695 F.2d at 530; Hills v. Henderson,

529 F.2d at 401.[3]

While the undersigned has no state court record or other evidence from which to

determine the basis of Plaintiff's conviction, so as to assess the significance of the

diminished capacity defense, the basis for the Eleventh Circuit's mandate in this case is

persuasive. The Court of Appeals determined that "a jury would still have the option of

convicting Cooper," even with evidence of his mental state. (Doc. 22, p.5). The case

---

[2] These cases concern habeas relief since the issue of the constitutionality of
state trial court proceedings is typically raised in the context of habeas relief. Plaintiff
here, however, specifically denies challenging the validity of these proceedings.

[3] The cases cited in Shaw as examples of federal court review include
assessment of the admissible evidence critical to the conviction compared to the
evidence allegedly not presented to the jury.

No. 4:05cv216-MP/AK

cited by Plaintiff (and included in the Eleventh Circuit's mandate), which he contends

supports his argument that the expert testimony about his mental condition was critical

to his case is distinguishable in that in that case the criminal defendant's *sole* defense

was insanity, such that testimony regarding defendant's mental health history was a

"crucial, critical and highly significant factor." See Boykins v. Wainwright, 737 F.2d

1539, 1544 (C.A. Fla. 1984). Thus, with regard to the merits of Plaintiff's claim, the

undersigned is of the opinion that the evidence at issue was not a "crucial, critical and

highly significant factor" in the trial below, the trial was therefore not rendered

fundamentally unfair by its inadmissibility, and there was therefore no Due Process

violation committed.

    c)    Res Judicata

As an additional ground for dismissal, Plaintiff's claims are barred by *res

judicata*. He does not address this argument in his response, except to say that

"procedural bars" should have been decided previously. However, *res judicata* is not a

procedural issue, it is a principle of law founded on the Constitution and codified by

statute that mandates that a federal court **must** give the same preclusive effect to a

state court judgment as would the state. 28 U.S.C. § 1738; Allen v. McCurry, 449 U.S.

90, 96, 101 S.Ct. 411, 415-416, 66 L.Ed.2d 411 (1980); Migra v. Warren City School

District, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984).

"Under the doctrine of *res judicata*, a judgment on the merits in a prior suit

bars a second suit involving the same parties or their privies based on the same

cause of action." Sewell v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 94 F.3d

1514, 1518 (11th Cir. 1996), *citing* Parklane Hosiery Co. v. Shore, 439 U.S. 322,

326 n.5, 99 S. Ct. 645, 649 n.5, 58 L. Ed. 2d 552 (1979).

> If the later litigation arises from the same cause of action, *then the judgment bars litigation not only of "every matter which was actually offered and received to sustain the demand, but also [of] every [claim] which might have been presented*." *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 319, 47 S.Ct. 600, 602, 71 L.Ed. 1069 (1927).

In re Justice Oaks II, Ltd., 898 F.2d 1544, 1550, n. 3 (11th Cir. 1990), *cert.*

*denied*, 498 U.S. 959 (1990) (emphasis added); I. A. Durbin, Inc. v. Jefferson

National Bank, 793 F.2d 1541, 1549 (11th Cir. 1986).

The order denying Plaintiff's Petition for Writ of Habeas Corpus was entered by a

court of competent jurisdiction and was a final judgment on the merits. The petition was

based on the same claim asserted here arising out of the same trial. Thus, pursuant to

the doctrine of *res judicata*, Plaintiff's claims are barred.

d)     Rooker-Feldman Doctrine

Plaintiff's claims are also barred by the *Rooker-Feldman* doctrine, which states

that a United States District Court has no authority to review final judgements of a state

court in judicial proceedings. Powell v. Powell, 80 F.3d 464 (11th Cir. 1996). This, too,

is not a procedural bar, it is a jurisdictional limit. The doctrine has two statutory bases:

(1) 28 U.S.C. §1257, which limits federal review of state court proceedings to the United

States Supreme Court; and (2) 28 U.S.C. §1331, which limits original jurisdiction in

federal court to "civil actions arising under the Constitution, laws or treaties of the

United States." *Id.*, at 466. The doctrine applies not only to claims actually raised in

the state court proceedings, but claims that are "inexplicably intertwined" with the state

court judgment. *Id.*, *citing* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16 (1983).

Because the state court denied Plaintiff's petition on the merits, this Court may not "review" the state court decision, it should have been appealed to a state appellate court. Appellate review of state court judgments is not a function of federal court.

 e) Limitations Period

Finally, if there was jurisdiction to determine these issues, and there was merit to them, and they were not barred by *res judicata*, Plaintiff has not asserted them timely.

A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988). Since the alleged illegal act is the inadmissibility of testimony at his criminal trial, which took place in November 1981, his claims should have been brought in federal court by November 1985. Thus, Plaintiff's claims are barred by the statute of limitations and must be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion for Summary Judgment (doc. 38) be **GRANTED**, and this cause **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §

**No. 4:05cv216-MP/AK**

1915(e)(2); as barred by *res judicata*; for lack of subject matter jurisdiction; and as

barred by the statute of limitations.

**IN CHAMBERS** at Gainesville, Florida, this /3 Day of March, 2008.

**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 4:05cv216-MP/AK**